Defendant-appellant, Kidd's Septic Service, Inc., appeals from the judgment of the Findlay Municipal Court against it and in favor of plaintiff-appellee, Jerry Shepherd.
On March 10, 1998, Shepherd filed a complaint against Kidd's Septic Service for unpaid wages. Shepherd filed an amended complaint to allege he worked for Kidd's Septic Service from April 15, 1996 to October 7, 1996. A trial to the court was held, and on June 23, 1999, the trial court filed its entry awarding a $1,289.50 judgment, plus costs and interest, in favor of Shepherd. Kidd's Septic Service now appeals that entry of judgment, raising the following two assignments of error:
 The trial court erred to the prejudice of appellant in not permitting appellant's attorney to cross-examine appellee as to appellee's only evidence of damages in this matter.
 The decision of the trial court, awarding appellee Jerry Shepherd $1,289.50 in damages, was against the manifest weight of the evidence.
In its first assignment of error, Kidd's Septic Service argues that the trial court erred in not permitting its trial counsel to cross-examine Shepherd as to the calculations contained in a notebook in which he detailed his hours of work, along with any credit for compensation made, as the measure of his damages.
According to his testimony, Shepherd kept tract of his hours worked for Kidd's Septic Service in a notebook. Shepherd then credited Kidd's Septic Service for compensation he received against the amount owed to Shepherd based upon his hourly rate of $5. Shepherd's request for damages of $1,462 was derived from the figures as calculated by him. During cross-examination, Kidd's Septic Service's counsel sought to question Shepherd on his calculations contained in the notebook, as there appeared to be miscalculations of the amount owed. However, the trial court precluded this line of questioning, stating that the court would be able to do the mathematical calculations.
"The scope of cross-examination and the admissibility of evidence during cross-examination are matters which rest in the sound discretion of the trial judge." O'Brien v. Angley (1980),63 Ohio St.2d 159, 163, quoted in State v. Lundgren (1995),73 Ohio St.3d 474, 487. Thus, its decision will not be reversed on appeal absent a clear and prejudicial abuse of discretion.O'Brien v. Angley, 63 Ohio St.2d at 163. An abuse of discretion involves more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
After reviewing the record, it appears that Shepherd's calculations are certainly probative on the issue of damages in this matter and we see no basis for the trial court's decision to preclude cross-examination on the issue. In fact, it should be noted that upon the limited cross-examination allowed by the court, Kidd's Septic Service's counsel elicited from Shepherd the concession that his calculation of the amount owed of $1,462 "could not be right." Further questions seeking to uncover the mathematical errors would have been proper in light of Shepherd's testimony. Thus, we find that the trial court abused its discretion in not allowing complete cross-examination of Shepherd regarding his calculations of the amount owed.
Additionally, in comparing the trial court's determination of damages in this case to that in the notebook, our review suggests that the trial court's calculation of damages may have rejected Shepherd's testimony as to certain hours and may have missed an amount compensated as set forth in the notebook. However, the trial court has offered no explanation of its judgment and we are unable to completely reconcile the damages awarded by the trial court with the notebook as the primary evidence of damages in this case. Moreover, as a reviewing court, we are unwilling to speculate as to how the trial court arrived at its final award of damages to Shepherd. Consequently, we sustain Kidd's Septic Service's first assignment of error and thereby find the issues presented in its second assignment of error are rendered moot.
Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 BRYANT, P.J., and WALTERS, J., concur.